[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff wife has moved for pendente lite orders seeking, inter alia, custody of the minor child, Priscilla Roy, who was born October 12, 1995, child support, and alimony. The defendant husband objects to the motion for child support because he is not the biological father of the child. He also objects to the motion for alimony. In her amended complaint, the plaintiff alleges in the alternative that the child is the lawful issue of the marriage and that the defendant is estopped from denying paternity as a means of avoiding an obligation for child support. In considering the pendente lite motions, the court will not adjudicate the ultimate questions raised by the complaint. Those must be reserved for decision after the parties have had an opportunity for a full hearing on the issues. Rather, the court will confine itself to the question of whether child support and alimony are to be awarded during the pendente lite period.
It is undisputed that the defendant is not the biological child of the father. That fact has been confirmed by DNA testing undertaken by the defendant prior to the filing of this action, after he had become suspicious that the plaintiff had been having sexual relationships with other men. The parties first met in 1993 and very quickly became sexually involved with each other. In that year, the wife terminated a pregnancy without informing the defendant. Later, she became pregnant again, but advised the defendant prior to terminating the pregnancy that she was going to do so because their relationship was not strong enough. The parties continued their relationship through 1994, but during CT Page 580 November and December of that year, the plaintiff was sexually involved with other men. Her last menstrual period began on December 23, 1994, and she claims not to have had sexual relations with anyone but the defendant after that time. The hospital report indicates a term birth of the child on October 12, 1995, but the plaintiff testified that the child's expected delivery date was September 27. The birth certificate, noting the plaintiff as the informant, lists the defendant as the father.
At the end of January, 1995, the plaintiff informed the defendant that she was pregnant and wanted to have the child. Later, the defendant asked her to move in with him. Thereafter, the couple lived together, and were married on June 20, 1997. At all times between January of 1995 and September of 1998 the defendant thought Priscilla was his biological child, and he was completely involved in her upbringing. The defendant never signed an acknowledgment of paternity and did not adopt the child. Since September, 1998, when the parties separated, the defendant has not been involved with the child.
In making an order for pendente lite child support, the court is required to consider "all factors enumerated in section 46b-84." Connecticut General Statutes, Section 46b-83. Section 46b-84
mandates that "the parents of a minor child of the marriage . . . maintain the child according to their respective abilities, if the child is in need of maintenance." Connecticut General Statutes, Section 46b-84(a) (emphasis added). Thus, the court's authority to award pendente lite support requires a finding that the person obligated be a parent of a child of the marriage.Remkiewicz v. Remkiewicz, 180 Conn. 114, 117 (1980). Because the defendant is not the parent of the child, the court cannot order him to pay pendente lite child support for her benefit under Section 46b-83.
The plaintiff argues, however, that the defendant is estopped from denying parentage of the child. If the estoppel were proven, the defendant would have the legal status of a parent, and the court would have the discretion to order child support.
"There are two essential elements to an estoppel: the party must do or say something which is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief; and the other party, influenced thereby, must actually change his position or do something to his injury which he otherwise would not have done. Estoppel CT Page 581 rests on the misleading conduct of one party to the prejudice of the other. In the absence of prejudice, estoppel does not exist."
Id., 119, citing Breen v. Aetna Casualty and Surety Co.,153 Conn. 633, 643 (emphasis added). Although the brief of the plaintiff makes a strong case for estoppel, the credible testimony of the plaintiff does not. She testified, and the court finds, that in January, 1995, when she learned she was pregnant, she told the defendant that she intended to give birth to the child, and that some time after that he invited her to move in with him. That testimony does not support an estoppel. Accordingly, the court does not have the authority to order the defendant to pay child support. The plaintiff's motion for pendente lite child support is denied.[1]
The parties have not presented financial affidavits or complete evidence concerning alimony, attorney fees, or use of the automobile. Nothing in this decision precludes the award of pendente lite alimony, attorney fees, or use of the automobile, provided that the legal and financial requirements for those motions are met. The wife can reclaim that motion for further hearing.
The wife shall have sole custody of the minor child pendente.
The plaintiff's motion for permission to amend the complaint is granted, thirty days having passed without objection.
Orders shall enter in accordance with this decision.
By the Court.
Gruendel, J.